# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

George W. Shuffert, VI,            Case No.: 1:19CV2338

       Petitioner,

     v.                           **OPINION AND ORDER**

Ohio Adult Parole Authority,

       Respondent.

*Pro se* Petitioner George W. Shuffert, VI filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He is currently incarcerated in the Lorain Correctional Institution, serving an eighteen-month sentence for Passing Bad Checks and Escape imposed in December 2019 by the Cuyahoga County Common Pleas Court. The escape charge stems from breaking supervised release imposed in 2013 by the Ashtabula County Common Pleas Court in Case No. 2012CR398. Petitioner indicates he is challenging Ashtabula County Case No. 2012CR398. As grounds for habeas relief he contends that: (1) he was denied due process when the Ohio Adult Parole Authority ("OAPA") held him for over 150 days without bond and charged him with escape after his post release control expired; (2) post release control is not a "federally backed statute" and is not administered in all states; (3) his bail was excessive as the OAPA can hold an individual without bail as long as there is a new active case on other charges, even if that charge is escape from post release control in violation of the Eighth Amendment; and (4) he was subjected to double jeopardy when he was charged with escape and was sanctioned with additional prison time for violating his post release control. He asks this Court to terminate his post release control imposed in Ashtabula and terminate his current escape conviction in Cuyahoga County.

## I. Background

Petitioner was convicted in 2013 in Ashtabula County, Ohio on two counts of complicity in the illegal manufacturing of drugs, and two counts of possession of drugs. The court sentenced him to three years of incarceration followed by three years of supervised release. Ohio Department of Rehabilitation and Correction ("ODRC") records indicate Petitioner started the supervised release portion of his sentence on November 25, 2015.

One month before his supervised release would have terminated, on October 24, 2018, Petitioner failed to comply with the terms of his release by failing to appear. He was indicted in Cuyahoga County on escape charges. *State of Ohio v. Shuffert*, No. CR-19-636526 (Cuyahoga Cty. Ct. Comm. Pl. indict. Feb. 11, 2019). On December 30, 2018, Petitioner obtained a truck from Ganley Ford West using a bad check. He was indicted on charges of grand theft and passing bad checks. *State v. Shuffert*, No. CR-19-637224 (Cuyahoga Cty. Ct. Comm. Pl indict. Mar. 5, 2019). He pled guilty to escape and passing bad checks. He was sentenced on all charges on December 11, 2019 to eighteen months in prison followed by three years of post-release control. He alleges he is also subject to sanction in Ashtabula County for violating the terms of his post-release control and may be required to serve an additional term of imprison of up to half of his original three-year sentence. Petitioner has not appealed these convictions.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences,

and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

### III. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely

as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the state prisoner must present the claim to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant must make a specific showing of the alleged claim. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

To determine if a claim is procedurally defaulted the court must determine whether: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See*

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a Petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not evaluated, either because they were never presented to the state courts (*i.e.*, exhausted) or because they were not properly presented to the state courts (*i.e.*, were procedurally defaulted), are generally not cognizable on federal habeas review.

## IV. Analysis

Petitioner has not exhausted his state court remedies. He filed this petition two months before he was sentenced in Cuyahoga County. He could not have presented his claims pertaining to that charge in the Ohio Appellate Courts. Furthermore, he has not yet been sanctioned by Ashtabula County for violating his post release control. He therefore could not have appealed that decision to the Ohio courts. this petition is premature.

## IV. Conclusion

Accordingly, petitioner's Application to Proceed *In Forma Pauperis* (Doc No. 2) is granted, the Petition (Doc. No. 1) is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3),

that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ James G. Carr
Sr. U.S. District Judge